

**December 13, 2017**

**READ AT ONCE**

**COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY**

Verizon Online, as your Internet Service Provider, recently received a legal document called a subpoena. Absent action by you, the subpoena requires us to disclose your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Southern District of New York.

The Plaintiffs have filed a lawsuit alleging that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie. However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.

Accordingly, Plaintiffs have filed lawsuits against so-called anonymous "John Doe" defendants and issued subpoenas to determine the identity of these people (the so-called "John Does"). The Plaintiffs have asked us to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie. (The plaintiffs will have to prove that you illegally used the internet to download or upload the particular movie. We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a variety of reasons, was using the IP address).

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to their lawsuit.

**INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED,
BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.**

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. Within this notice you

will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit

  If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena and notify Verizon Online that you have done so. You must also notify your ISP. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify Verizon Online if you file a motion asking for more time. The appropriate address to send such notices to Verizon is:

Verizon Legal Compliance
Custodian of Records
2701 S. Johnson St
MC: TXD01613
San Angelo, Texas 76904

*Fax Number:* 325-949-6916

  Please provide us with a copy of the filed motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days we are compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

  You may wish to obtain an attorney to advise you on these issues or to help you take action.

  To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

  The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation and contains further information about the lawsuit that has been filed against you as well as similar lawsuits:

  https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at 914-358-6423. But please understand that these lawyers represent the company that is trying to sue you. They can speak with you about settling the lawsuit, if you wish to consider that. At the same time, you must be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

  You should not call the Court.

  Again, you may wish to retain an attorney to discuss these issues and your options.

9/19/2017 4:24:33 AM
Search Value: IP Address: 108.46.43.152

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Southern District of New York

| STRIKE 3 HOLDINGS, LLC<br><br>*Plaintiff*<br><br>v.<br><br>John Doe subscriber assigned IP address 108.46.43.152,<br><br>*Defendant.* | **Civil Action No.: 1:17-cv-08956-AKH** |
|---|---|

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**VIA: FAX**
To: Verizon
Attn: VSAT – Subpoena Compliance Team
180 Washington Valley Road
Bedminster, NJ 07921
Telephone: (800) 451-5242
Fax: (325) 949-6916
Email: verizonlegalprocesscompliance@verizon.com

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the below chart **AFTER** expressly following the instructions and limitations outlined by the Court in the attached Order.

| IP Address | Date/Time UTC |
|---|---|
| 108.46.43.152 | 9/19/2017 4:24:33 |

| Attn: Jacqueline M. James, Esq.<br>Place: The James Law Firm, PLLC.<br>445 Hamilton Avenue<br>Suite 1102<br>White Plains, NY 10601<br>Telephone: (914) 358-6423 | **Date and Time:**<br><br>January 25, 2018 @ 5:00 PM EST |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   12/11/2017

        *CLERK OF COURT*

_____ OR _/s/ Jacqueline M. James_____
*Signature of Clerk or Deputy Clerk*    *Jacqueline M. James, Esq.*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:

Jacqueline M. James, Esq., The James Law Firm, PLLC., 445 Hamilton Avenue, Suite 1102 White Plains, NY 10601 - Telephone: (914) 358-6423 – E-mail: jjameslaw@optonline.net

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).

The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case 1:17-cv-08956-AKH Document 10-3 Filed 01/16/18 Page 7 of 9
Case 1:17-cv-08956-AKH Document 9 Filed 12/06/17 Page 1 of 2
Case 1:17-cv-08956-AKH Document 6-1 Filed 12/01/17 Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/06/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

vs.

JOHN DOE subscriber assigned IP address
108.46.43.152,

                Defendant.

------------------------------------------------------------X

Case No. 1:17-cv-08956-AKH

Judge Sarah Netburn

### ORDER ON MOTION FOR LEAVE TO SERVE
### THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Verizon Fios (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (same).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

1

Case 1:17-cv-08956-AKH   Document 10-3   Filed 01/16/18   Page 8 of 9
Case 1:17-cv-08956-AKH   Document 9   Filed 12/06/17   Page 2 of 2
Case 1:17-cv-08956-AKH   Document 6-1   Filed 12/01/17   Page 2 of 2

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED this __ day of _____, 201_

By: _____
UNITED STATES DISTRICT JUDGE

2

**(FOLY-1018-01)** Strike 3 Holdings, LLC v. John Doe
Case No: 1:17-cv-08956-AKH

| Verizon Online LLC/Verizon Fios | |
|---|---|
| IP Address | Date/Time UTC |
| 108.46.43.152 | 9/19/2017 4:24:33 |
| | |
| | |