USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 3/8/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

-against-

JOHN DOE subscriber assigned IP address
108.46.43.152,

                Defendant.
-------------------------------------------------------------- X

**ORDER GRANTING MOTION TO QUASH SUBPOENA**

17 Civ. 8956 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    On November 16, 2017, Plaintiff Strike 3 Holdings, LLC, filed this lawsuit against an unidentified Defendant, John Doe, as the subscriber to an identified internet protocol ("IP") address, "IP 108.46.43.152," alleging that John Doe violated the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, by downloading and sharing over the internet copyrighted pornographic movies owned by Plaintiff. Plaintiff then moved pursuant to Fed. R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena, prior to a Rule 26(f) conference, on Verizon Fios, the internet service provider (ISP), directing Verizon to provide Plaintiff with the true name and address of the Defendant to whom Verizon assigned the captioned IP address. The Court granted Plaintiff's motion. *See* Dkt. No. 9. Defendant then moved—the subject of this order—to quash the subpoena that Plaintiff served on Verizon. *See* Dkt. No. 10.[1]

    The motion to quash is granted. The Complaint fails to provide appropriate copyright registration forms, or even list the copyrighted materials—as opposed to merely the "site"—that Defendant allegedly infringed on. According to the Complaint: "Plaintiff owns the copyrights to

---

[1] The Second Circuit has recognized that an individual has standing to challenge a subpoena directed at his ISP in order to preserve his anonymity. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010).

the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations. The United States Copyright Office registration information for the Works, including the registration number, is outlined on Exhibit A." *See* Complaint at ¶ 31. However, "Exhibit A" mentioned and attached to the Complaint does not provide such registration numbers, nor does Plaintiff's "AO 121" Copyright Form (*see* Dkt. Nos. 2, 5). By failing to identify which copyrighted materials Plaintiff owns, and which materials Defendant infringed on, the Complaint fails to contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Clerk shall terminate the motion (Dkt. No. 10).

SO ORDERED

Dated: March 8, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2